IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN A. APGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-505-***-LPS |
| | ) |
| WARDEN RAPHAEL WILLIAMS, | ) |
| DR. BINNON, and JAMES WELCH, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 28th day of November, 2007, having considered plaintiff's pending motion for appointment of counsel;

IT IS ORDERED that the motion (D.I. 7) is **denied** without prejudice for the following reasons:

1. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. In his motion for appointment of counsel plaintiff states that he is unable to afford counsel, the issues in his case are very complex, he has limited access to the law library, limited knowledge of the law, and he does not have a high school education.

4. In reviewing plaintiff's filings, it appears that plaintiff possesses the ability to adequately pursue his claim. Moreover, this case is in its very early stages and discovery has not yet commenced. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

_____
UNITED STATES MAGISTRATE JUDGE