UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN A. APGAR, | ) | |
| | ) | Case No. 07-505 (SLR) |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| WARDEN RAPHAEL WILLIAMS, | ) | |
| DR. BINNON, JAMES WELCH, | ) | |
| | ) | |
| Defendants. | ) | |

## DR. BINNON'S MOTION FOR SUMMARY JUDGMENT

Defendant Dr. Binnon, through his undersigned counsel, hereby moves for entry of judgment in his favor as a matter of law. Plaintiff has failed to comply with 18 Del. C. § 6853 and cannot show that Dr. Binnon was deliberately indifferent. In support of this Motion, Dr. Binnon states as follows:

1.     On August 17, 2007, plaintiff initiated the above-captioned action by filing his Complaint. (D.I. 2) In it, he alleges he saw Dr. Binnon in February 2007 and "expressed my wish to begin treatment because of my highly elevated enzyme levels attributed to the liver disease chronic hepatitis c. To this date nothing accomplished. No lab work done either (chronic care)." (*Id.*)

Plaintiff also alleges:

> On August 15, 2007, I saw Dr. Binnon and informed him that I cannot take Tylenol, Motrin, Ibuprofen, Mobic (anything containing the above) on a daily basis due to unnecessary damage that it would do to my liver because of hepatitis C. (I suffer extreme pain due to a bone spur in my back that's grinding a groove into my ribcage. I explained this to Dr. Binnon but he remained obstinate in his position.

(*Id.*)

2.      These are the sum total of all allegations against Dr. Binnon in Plaintiff's Complaint. Plaintiff's only requested remedy with respect to Dr. Binnon is as follows: "Necessary steps taken (liver biopsy, psychological evaluation) so that my treatment for hepatitis c can proceed." (D.I. 2) He also requests money damages, but that relief is sought not from Dr. Binnon, but from the DOC.  (*Id.*)

*Facts from Plaintiff's Medical Records*

3.      Review of Plaintiff's medical records reveals the following facts: On April 21, a psychiatric consult was ordered to determine whether Plaintiff would tolerate Hepatitis C therapy.  (Exhibit "A" at 1)  On August 23, 2007, a Consultation Request for liver biopsy was completed by Dr. McDonald. (*Id.* at 2)  The order was entered the same day.  (*Id.* at 3)  Also on August 23, 2007, a Hepatitis C Medical Evaluation Form was completed by Dr. McDonald for Plaintiff, and Plaintiff executed the Informed Consent for Hepatitis C treatment.  (*Id.* at 4-6). The biopsy was done October 29, 2007. (*Id.* at 7-9)  Dr. McDonald ordered the medications on November 29, 2007 with an eye toward beginning the therapy on December 20, 2007.  (*Id.* at 10) On December 20, 2007, Dr. Macdonald ordered the therapy to begin.  (*Id.* at 11)  Therapy has continued through at least April 26, 2008.  (*Id.* at 12-17)

4.      Taking the Plaintiff's allegations in the light most favorable to him, the Court may find that he has pleaded claims against Dr. Binnon for either medical negligence or deliberate indifference to a serious medical need, or perhaps both.  Regardless, Plaintiff cannot sustain his burden for either cause of action, and his requested remedy is moot and so summary judgment in Dr. Binnon's favor is appropriate.

*ARGUMENT*

*The Standard for Summary Judgment*

5.      A court shall grant summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  As the moving party here, Dr. Binnon bears the burden of proving that no genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574 586 n. 10 (1986).  Once Dr. Binnon demonstrates an absence of material fact, the burden shifts to Plaintiff to provide "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The Court here should view the underlying facts and all reasonable inferences therefrom in the light most favorable to the Plaintiff.  *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

6.      The mere existence of some evidence in support of the Plaintiff, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for Plaintiff on that issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Here, if Plaintiff fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then Dr. Binnon is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

7.      There is no dispute as to any material fact.  Because Plaintiff failed to comply with the requirements of 18 *Del. C.* § 6853, he cannot sustain a claim for medical negligence.  Because there are no facts of record that show Dr. Binnon was deliberately indifferent, Plaintiff cannot carry his burden on that claim.  In addition, Plaintiff's only request for relief against Dr. Binnon is moot.  Accordingly, Dr. Binnon is entitled to judgment in his favor as a matter of law.

*DR. BINNON IS ENTITLED TO JUDGMENT IN HIS FAVOR AS A MATTER OF LAW*

   *State Law Negligence Claims Must be Dismissed*

8.    Even assuming that Plaintiff's Complaint states a cause of action for medical negligence, Plaintiff may not maintain a claim against Dr. Binnon based on medical negligence pursuant to Delaware state law, as he has failed to comply with the requirements of 18 *Del. C.* § 6853.  As the Court well knows, all claims for medical negligence filed pursuant to Delaware law must comply with 18 *Del. C.* § 6853, which provides, in relevant part:

> (a) No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by:
> (1) An affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant. If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (2) of this subsection has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court.

*Id.*

9.    Plaintiff did not file an Affidavit of Merit or curriculum vitae at the time he filed his Complaint, nor did he timely move for an extension of time in which to do so.  Therefore, any claims for medical negligence pursuant to Delaware state law must be dismissed with prejudice.

*Deliberate Indifference Claims Must be Dismissed*

10.    In order to succeed on a claim for violation of Eighth Amendment based on medical claims, Plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In order to show "deliberate indifference," a plaintiff must demonstrate an act or omission and a sufficiently culpable state of mind on the part of the defendant.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).  There are no facts of record to support such a claim.  Plaintiff has not even alleged that Dr. Binnon was deliberately indifferent. Plaintiff has alleged, specifically, that he asked for a liver biopsy and psychological evaluation to determine whether he could begin treatment for Hepatitis C, and had not received those things as of the date he filed his Complaint. (D.I. 2) Plaintiff also alleged that he informed Dr. Binnon that he could not take certain medications, but that Dr. Binnon was "obstinate in his position".  (*Id.*).

11.    The first issue is moot because, as shown in the medical records, Plaintiff received all the necessary testing and began Hepatitis C treatment in December, 2007[1] and has been receiving the therapy ever  since.  (Exhibit A) As for the second allegation, Plaintiff states not that Dr. Binnon is deliberately indifferent, but that the doctor is "obstinate" in his position as to the type of medications that Plaintiff should receive. (D.I. 2)  Simply put, Plaintiff and Dr. Binnion disagree as to the type of medication that is appropriate for Plaintiff.  Those allegations are not sufficient to defeat this Motion.  Plaintiff is entitled to adequate medical care, not to direct the type of care he receives:

> However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Poole v. Taylor,* 466 F.Supp.2d 578, 589 (D.Del.2006)

---

[1] As stated above, the only relief Plaintiff requested from Dr. Binnon was the performance of the tests so that he could begin treatment.  He has received that relief.

(citing *Harrison v. Barkley,* 219 F.3d 132, 138-140 (2d Cir.2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle,* 429 U.S. at 107, 97 S.Ct. 285. Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon,* 897 F.2d 103, 108-109 (3d Cir.1990); *Spruill v. Gillis,* 372 F.3d at 235. *Mere disagreement as to the appropriate treatment is insufficient to state a constitutional violation. Spruill,* 372 F.3d at 235.

*See Blackston v. Correctional Medical Services, Inc.,* --- F.Supp.2d ----, 2007 WL 2325210 * 3 (D. Del., August 16, 2007) (emphasis supplied) (granting summary judgment in favor of medical provider and against plaintiff/prisoner); accord *Pecoraro v. Correctional Medical Services,* 2007 WL 1560302 at *4 (D.N.J., May 25, 2007)[2] (stating prisoner's subjective dissatisfaction with his dental care, and not a deliberate withholding or delay of treatment as alleged in the Complaint, is not in itself indicative of deliberative indifference) (citing *Andrews v. Camden County,* 95 F.Supp.2d 217, 228 (D.N.J.2000)).

12.     There is no genuine issue of material fact.  Plaintiff cannot maintain a cause of action for medical negligence or deliberate indifference based on these facts, allegations, medical records and the applicable law.

WHEREFORE, for the foregoing reasons, Dr. Binnon respectfully requests entry of the order attached hereto granting judgment in his favor as a matter of law.

BALICK & BALICK L.L.C.


_____/s/ James E. Drnec_____
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Dr. Binnon

Date:   June 4, 2008

---

[2]  All unreported decisions are included as Exhibit "B".

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

KEVIN A. APGAR,                          )
                                         )        Case No. 07-505 (SLR)
                  Plaintiff,             )        JURY TRIAL DEMANDED
         v.                              )
                                         )
WARDEN RAPHAEL WILLIAMS,                 )
DR. BINNON, JAMES WELCH,                 )
                                         )
                  Defendants.            )
-------------------------------------------------------

## <u>ORDER</u>

AND NOW, this ____ day of _____, 2008, the Court having considered
Dr. Binnon's Motion for Summary Judgment, and all opposition thereto, it is hereby
ordered that the Motion is Granted.  All claims against Dr. Binnon are dismissed with
prejudice.

_____
                  J.

# Exhibit B

United States District Court,
D. New Jersey.
Joseph PECORARO, Plaintiff,
v.
CORRECTIONAL MEDICAL SERVICES, et al., Defendants.
Civil Action No. 07-2338 (RMB).
May 25, 2007.

Joseph Pecoraro, Leesburg, NJ, Plaintiff pro se.


# OPINION

BUMB, District Judge.

*1 Plaintiff Joseph Pecoraro ("Pecoraro"), currently confined at the Bayside State Prison in Leesburg, New Jersey, seeks to bring this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.


## I. *BACKGROUND*

Pecoraro brings this civil rights action against defendants, Correctional Medical Services ("CMS") and CMS Department Head at Bayside State Prison ("BSP"), B. Eckman. (Complaint, Caption and ¶¶ 5b, c). The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

In March 2007, Pecoraro went to a dentist at BSP for treatment of pain in his four teeth. He was told that his teeth needed to be extracted. The dentist attempted to extract Pecoraro's teeth, but plaintiff was in too much pain. Pecoraro was told that he would need to see an oral surgeon, and the earliest appointment would be no sooner than June 2007. In the interim, Pecoraro was prescribed "Tylenol 3" and Motrin for pain. Pecoraro claims that the medication does not relieve his pain, and that he has received inadequate care. (Compl., ¶ 9).

Pecoraro seeks compensatory and punitive damages for pain and suffering and infliction of emotional distress. (Compl., "Relief Requested").


## II. *STANDARDS FOR A SUA SPONTE DISMISSAL*

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in *forma pauperis* or seeks redress against

a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

*2 A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States,* 67 F.3d 1080, 1086-87 (3d Cir.1995).

A *pro se* complaint may be dismissed for failure to state a claim only if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines,* 404 U.S. at 521 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Milhouse v. Carlson,* 652 F .2d 371, 373 (3d Cir.1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v.. Hernandez,* 504 U.S. 25, 34 (1992); *Alston v. Parker,* 363 F.3d 229 (3d Cir.2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); *Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir.2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir.2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); *Urrutia v. Harrisburg County Police Dept .,* 91 F.3d 451, 453 (3d Cir.1996).

### III. *SECTION 1983 ACTIONS*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255-56 (3d Cir.1994).

Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior.* Personal involvement can be shown through allegations of personal direction or

of actual knowledge and acquiescence." *Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)* (citations omitted). *Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir.1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir.1995).*

IV. *ANALYSIS*

*\*3* In his Complaint, Pecoraro alleges that defendants CMS and Eckman have denied prescribed dental care for the treatment and extraction of plaintiff's teeth.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir.1999).* In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir.2003).*

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian, 503 U.S. 1, 9 (1992).* The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir.2003)*(internal quotations and citations omitted); *see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.1987), cert. denied, 486 U.S. 1006 (1988).*

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See Natale, 318 F.3d at 582* (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).* Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J.2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D.Md.1982), aff'd, 729 F.2d 1453 (4th Cir.1984).* Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990).* "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979)* (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.*

*\*4* The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *See Rouse, 182 F.3d at 197.* The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. *Atkinson,*

316 F.3d at 266. *See also Monmouth County Correctional Institutional Inmates,* 834 F.2d at 346 ("**deliberate indifference** is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); *Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir.1993); *White v. Napoleon,* 897 F.2d 103 (3d Cir.1990).

Here, Pecoraro alleges that he has been denied recommended oral surgery and more effective pain medication for his teeth. Pecoraro admits that he was seen by a dentist in March 2007, and that the dentist attempted to extract plaintiff's teeth, but could not due to plaintiff's pain. Pecoraro further admits that he was given pain medication and was told that he needed to have an oral surgeon perform the extraction. However, an oral surgeon would not be available until June 2007, several months away.

Based on these allegations, the Court finds that Pecoraro might be able to support a claim of serious medical need, if, in fact, he can show that oral surgery for his condition was prescribed by doctors. However, Pecoraro has not demonstrated the second prong necessary to establish a denial of medical care claim-he has not shown **deliberate indifference** by the defendants, CMS and Eckman.

Pecoraro admits that he has received **dental** care in March 2007, and that he has been given pain medication. He also concedes that oral surgery was offered, but not as quickly as he wants it. Thus, based on these facts, as confirmed by plaintiff's allegations in to his Complaint, Pecoraro cannot show that defendants have intentionally refused to provide the recommended **dental** care. Nor can he demonstrate that defendants delayed **dental** care for non-medical reasons. Rather, it is the unavailability of the oral surgeon until June 2007, a matter of several months, that displeases plaintiff. Finally, Pecoraro has not shown that defendants have actually prevented him from receiving recommended **dental** treatment. *See Rouse,* 182 F.3d at 197. Pecoraro admittedly has been prescribed pain medication, but the type of medication is not to his satisfaction. The dentist also attempted to extract the painful teeth, but plaintiff's discomfort terminated that effort, allegedly making oral surgery necessary and plaintiff is now awaiting that surgery. Therefore, it is only Pecoraro's subjective dissatisfaction with his **dental** care, and not a deliberate withholding or delay of treatment alleged in the Complaint, which is not in itself indicative of **deliberate indifference**. *See Andrews,* 95 F.Supp.2d at 228.

*5 Accordingly, this Court finds no **deliberate indifference** by defendants to plaintiff's serious medical need on the facts alleged by plaintiff at this time that would rise to the level of an actionable violation of constitutional dimension under 42 U.S.C. § 1983. Accordingly, the Complaint will be dismissed without prejudice to plaintiff filing a new action pleading facts sufficient to support a claim of **deliberate indifference** as set forth above.

## V. CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint, in its entirety, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order follows.

United States District Court,
D. Delaware.
Richard I. BLACKSTON, Plaintiff,
v.
CORRECTIONAL MEDICAL SERVICES, INC., Defendant.
Civ No. 06-448-SLR.
Aug. 16, 2007.

Background: Inmate brought action against correctional medical services company, alleging Eighth Amendment violations due to inadequate dental care. Company moved for summary judgment.

Holding: The District Court, Robinson, J., held that company did not exhibit deliberate indifference to inmate's serious medical needs.

Motion granted.

[1] KeyCite Notes 

> 350H Sentencing and Punishment
>> 350HVII Cruel and Unusual Punishment in General
>>> 350HVII(H) Conditions of Confinement
>>>> 350Hk1546 k. Medical Care and Treatment. Most Cited Cases

In order to set forth cognizable Eighth Amendment claim, inmate must allege: (1) serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. U.S.C.A. Const.Amend. 8.

[2] KeyCite Notes 

> 350H Sentencing and Punishment
>> 350HVII Cruel and Unusual Punishment in General
>>> 350HVII(H) Conditions of Confinement
>>>> 350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Prison official is "deliberately indifferent" to serious medical need if he knows that prisoner faces substantial risk of serious harm and fails to take reasonable steps to avoid harm. U.S.C.A. Const.Amend. 8.

[3] KeyCite Notes 

> 350H Sentencing and Punishment
>> 350HVII Cruel and Unusual Punishment in General
>>> 350HVII(H) Conditions of Confinement

350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Prison official may manifest deliberate indifference to serious medical need by intentionally denying or delaying prisoner's access to medical care. U.S.C.A. Const.Amend. 8.

[4] KeyCite Notes 

   350H Sentencing and Punishment
      350HVII Cruel and Unusual Punishment in General
         350HVII(H) Conditions of Confinement
            350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Prisoner has no Eighth Amendment right to choose specific form of medical treatment, so long as treatment provided is reasonable. U.S.C.A. Const.Amend. 8.

[5] KeyCite Notes 

   350H Sentencing and Punishment
      350HVII Cruel and Unusual Punishment in General
         350HVII(H) Conditions of Confinement
            350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's Eighth Amendment claims against members of prison medical department are not viable under § 1983 where inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on inmate's behalf. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[6] KeyCite Notes 

   350H Sentencing and Punishment
      350HVII Cruel and Unusual Punishment in General
         350HVII(H) Conditions of Confinement
            350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's allegations of medical malpractice are not sufficient to establish Eighth Amendment violation. U.S.C.A. Const.Amend. 8.

[7] KeyCite Notes 

   350H Sentencing and Punishment

350HVII Cruel and Unusual Punishment in General
   350HVII(H) Conditions of Confinement
      350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate's mere disagreement as to appropriate medical treatment is insufficient to state Eighth Amendment violation. U.S.C.A. Const.Amend. 8.


[8] KeyCite Notes 

350H Sentencing and Punishment
   350HVII Cruel and Unusual Punishment in General
      350HVII(H) Conditions of Confinement
         350Hk1546 k. Medical Care and Treatment. Most Cited Cases

Inmate who sued correctional medical services company, alleging inadequate dental care following tooth extractions, failed to establish that company exhibited deliberate indifference to his serious medical needs, as required to maintain Eighth Amendment claim; inmate's medical records established that he had received dental examinations and treatments to resolve routine problems as well as emergency concerns. U.S.C.A. Const.Amend. 8.

Richard I. Blackston, Pro se Plaintiff.

Eric Scott Thompson, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, for Defendant.

MEMORANDUM OPINION


ROBINSON, District Judge.
I. INTRODUCTION

*1 Plaintiff Richard I. Blackston filed this 42 U.S.C. § 1983 action alleging that defendant Correctional Medical Services, Inc. ("CMS") provided inadequate dental care in violation of the Eighth Amendment. (D.I.2) Defendant CMS has moved for summary judgment.FN1 (D.I.11) Although afforded ample opportunity and notice, plaintiff has not filed responsive papers. (D.I.14, 15) For the reasons that follow, defendant's motion will be granted.

II. BACKGROUND

In April 2006, while incarcerated at the Howard Young Correctional Institution, plaintiff had two molar teeth extracted. (D.I. 2; D.I. 12, ex. 4) During the extraction process, plaintiff informed the treating dentist that he was experiencing severe pain in his front, left tooth ("front tooth"), apparently because of a cavity. According to plaintiff, the

dentist advised that there was "an unwritten policy prohibit[ing] any fillings from being placed in inmates' teeth without the inmate having at least 6 months served inside of the facility." (D.I. 2 at ¶ 2) Plaintiff's request to examine the policy was denied.

In May 2006, plaintiff filed an inmate grievance and request for proper care of his front tooth with the "Commissioner of Corrections." FN2 ( Id. at ¶ 3; D.I. 12, exs. 2, 4) Because his front tooth pain was severe, plaintiff requested emergency dental treatment. (D.I.12, ex. 4) Plaintiff informs that the grievance was returned to the Inmate Grievance Committee without a hearing; however, a dental appointment was scheduled. ( Id.)

In June 2006, plaintiff filed a second grievance with Warden Raphael Williams. Plaintiff was advised that the Inmate Grievance Committee found his complaint was non-grievable. ( Id. at ¶ 7) Plaintiff submitted a third grievance to the Department of Correction Bureau Chief. Although he did not receive a response to the grievance, plaintiff was scheduled for another dental appointment.

During a July 12, 2006 dental appointment, plaintiff's bottom left molar was removed. An informed consent for the extraction of his tooth form bearing plaintiff's signature was dated July 12, 2006. (D.I.12, ex. 4) After complaining that his front tooth problems were not addressed, plaintiff was told this would be treated at a later time. (D.I. 2 ¶ 11) On July 13, 2006, plaintiff informed the deputy warden of his dental problems. ( Id. at ¶ 12)

Medical records reflect that during the next few months, plaintiff received additional dental treatment. (D.I.12, exs.2, 4) Four of his teeth were extracted, with his consent, in November 2006. As a result, plaintiff did not have any remaining top teeth. Fabrication of dentures was scheduled to commence in January 2007. (D.I.12, ex. 4)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Kaucher v. County of Bucks, 455 F.3d 418 (3d Cir.2006).

*2 "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' " Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa.

Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant asserts that summary judgment is warranted because plaintiff failed to exhaust his administrative remedies before filing this action as mandated by the Prison Litigation Reform Act ("PLRA").FN3 (D.I.11) Although plaintiff claims to have filed three grievances, defendant submits that he failed to file an appeal on any decision rendered. (D.I.11) Defendant also notes that plaintiff signed off on two grievances. (D.I.12, ex. 2)

Under the PLRA, exhaustion is mandatory and prisoners must exhaust administrative remedies for any claim that arises within the prison, regardless of any limitations on the kind of relief available through the grievance process, before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The purpose of the exhaustion requirement is "(1)to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir.2004).

The United States Supreme Court has concluded that exhaustion means proper exhaustion, e.g., "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, ---U.S. ----, ----, 126 S.Ct. 2378, 2384, 165 L.Ed.2d 368 (2006). The Third Circuit has stated that, the "determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir.2004).

*3 Failure to substantially comply with requirements of the grievance system may result in a procedural default of that claim. Id. at 227-32. "Defendants must plead and prove failure to exhaust as an affirmative defense." It must be pleaded and proven by defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir.2002); Brown v. Croak 312 F.3d 109, 111 (3d Cir.2002).

The record reflects that plaintiff filed grievances regarding his dental care; however, what transpired after the grievances were filed is not clear. While there are references to two grievances to which plaintiff "signed off", neither party has provided copies of the grievances nor information reflecting the outcome of any hearings or actions taken. For this reason, the court will deem the administrative remedies exhausted and will review the merits of plaintiff's claim.

B. Eighth Amendment Claim

[1] [2] [3] The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to set forth a cognizable claim, an inmate must allege (I) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Id. at 104, 97 S.Ct. 285; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-105, 97 S.Ct. 285.

[4] [5] [6] [7] However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Poole v. Taylor, 466 F.Supp.2d 578, 589 (D.Del.2006) (citing Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir.2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle, 429 U.S. at 107, 97 S.Ct. 285. Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir.1990); Spruill v. Gillis, 372 F.3d at 235. Mere disagreement as to the appropriate treatment is insufficient to state a constitutional violation. Spruill, 372 F.3d at 235.

[8] Considering the uncontroverted record at bar against Estelle and its progeny, the court finds that plaintiff's claims do not rise to an Eighth Amendment violation. Significantly, plaintiff has presented nothing to contradict medical records establishing that he received numerous dental examinations and treatments to resolve routine problems, as well as emergency concerns. (D.I.12, ex. 4) He received treatment for accompanying problems, consented to the removal of several teeth, and is scheduled to have dentures fabricated.

*4 Furthermore, to the extent that plaintiff relies on the theory of respondent superior to hold defendant, a corporation, liable, he has failed to allege a policy or custom that

demonstrates such deliberate indifference. Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir.1989): Miller v. Correctional Med. Sys., Inc., 802 F.Supp. 1126, 1132 (D.Del.1992): Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir.2003).

V. CONCLUSION

For the reasons stated, defendant's motion for summary judgment is granted. An appropriate order shall issue.

ORDER

At Wilmington this 16th day of August, 2007, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendant's motion for summary judgment is granted. (D.I.11)

2. Defendant's motion to deem dispositive motion unopposed and enter judgment is denied as moot. (D.I.16)

3. The Clerk of Court is directed to enter judgment for defendant and against plaintiff.
FN1. Because defendant referred to matters outside the pleadings, its motion to dismiss is being treated as a motion for summary judgment. See Fed.R.Civ.P. 12(b)(6); (D.I.15).
FN2. Defendant submitted medical records that briefly reference two of plaintiff's grievances: "Grievance discussion # 52565"; and "Signed off on grievances # 52565 and # 49685". (D.I.12, ex. 2) Neither party submitted: (1) copies of the grievances in issue; (2) grievance log records; or (3) additional documentation regarding the grievances. ( See D.I. 12, ex. 3 at 6-7, procedure for medical grievances). Without this documentation, the factual background herein is based on an integration of plaintiff's claims with defendant's exhibits.
FN3. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [§ 42 U.S.C. § 1983] by a prisoner until such administrative remedies as are available are exhausted."
D.Del.,2007.
Blackston v. Correctional Medical Services, Inc.
--- F.Supp.2d ----, 2007 WL 2325210 (D.Del.)

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 4th day of June 2008, the foregoing Dr.

Binnon's Motion for Summary Judgment was filed via CM/ECF and served upon the following:

Kevin A. Apgar                                    *VIA FIRST CLASS MAIL*
SBI# 302981
Howard R.Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

Stacey X. Stewart, Esquire                        *VIA CM/ECF FILING*
Department of Justice
State of Delaware
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801


                              /s/ James E. Drnec
                        James E. Drnec, Esquire (#3789)

## <u>CERTIFICATE OF SERVICE</u>

I, James Drnec, hereby certify that on the 4th day of June 2008, the foregoing Dr.

Binnon's Motion for Summary Judgment was filed via CM/ECF and served upon the following:


Kevin A. Apgar                                    *VIA FIRST CLASS MAIL*
SBI# 302981
Howard R.Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

Stacey X. Stewart, Esquire                        *VIA CM/ECF FILING*
Department of Justice
State of Delaware
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801




                    _____/s/ James E. Drnec_____
                        James E. Drnec, Esquire (#3789)