## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| KEVIN APGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-505-SLR |
| | ) |
| WARDEN RAPHAEL WILLIAMS, | ) |
| DR. BINNON, and JAMES WELCH | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington this $\partial^{t^{t^{t^n}}}$ day of March, 2009, having reviewed the motions for summary judgment filed on behalf of defendants; and plaintiff having failed to respond to said motions;[1]

IT IS ORDERED that said motions (D.I. 22, 24) are granted, for the reasons that follow:

1. **Standard of review.** A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view

_____

[1]Plaintiff's response(s) was due to be filed on or before October 22, 2008. (D.I. 27)

the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2. **Statement of facts.** In his complaint, plaintiff alleges that, in February 2007, he wrote to defendant Warden Williams ("Williams") about his medical problems and

2

requested assistance. (D.I. 2) Having received no response from Williams, plaintiff
wrote to defendant Welch ("Welch") for assistance, but did not receive a reply. During
the same time period, plaintiff alleges to have told defendant Dr. Binnon ("Dr. Binnon")
that he wanted to "begin treatment because of [plaintiff's] highly elevated enzyme levels
attributed to the liver disease chronic hepatitis C." (D.I. 2 ¶ 2) He claims that this
request was not accommodated nor was lab work done. Plaintiff further states that, in
August 2007, Dr. Binnon refused to change his medication even though plaintiff told
him about adverse reactions and pain he was experiencing. As relief, plaintiff seeks
monetary damages and requests that tests be ordered so hepatitis C treatment can
commence.

3. **Jurisdiction.** The court has jurisdiction over this matter pursuant to 28
U.S.C. § 1331 and 42 U.S.C. § 1983.

4. **Eighth Amendment Claims**. The Eighth Amendment proscription against
cruel and unusual punishment requires that prison officials provide inmates with
adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in
order to set forth a cognizable claim, an inmate must prove (1) a serious medical need
and (2) acts or omissions by prison officials that indicate deliberate indifference to that
need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.
1999). A prison official is deliberately indifferent if he knows that a prisoner faces a
substantial risk of serious harm and fails to take reasonable steps to avoid the harm.
*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate
indifference by "intentionally denying or delaying access to medical care." *Estelle v.*

*Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

The medical records, submitted in support of Dr. Bonner's motion, reflect a continuous course of medical care beginning in April 2006 and extending through April 2008. (D.I. 23) Specifically, on April 22, 2006, defendant was referred for a psychiatric evaluation to determine how he would tolerate treatment for hepatitis C. Additional hepatitis C testing and screening followed. (*Id.* at 4-6) A biopsy was done on October 29, 2007. (*Id.* at 7-8) Hepatitis C treatment began in December 2007 and continued through April 2008. (*Id.* at 12-17) The court finds this course of treatment does not rise to the level of deliberate indifference necessary to implicate the Eighth Amendment. While plaintiff may disagree with the manner or time frame in which the treatment was provided, this is insufficient to establish a constitutional violation. *Monmouth*, 834 F.2d at 346. To extent plaintiff's claims suggest medical malpractice, the record reflects that he has failed to comply with the requirements of 18 Del. C. § 6853.[2]

5. **Personal Involvement**. In order to prevail under 42 U.S.C. § 1983, plaintiff

_____

[2]18 Del. C. 6853(a) requires, in part, that an affidavit of merit be filed with every medical negligence complaint.

4

must establish that defendants Williams and Welch had personal involvement in the alleged wrongs since liability cannot be predicated solely on the operation of respondent superior. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode v. Dellarciprete, supra*. Personal involvement may be shown by either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Id.* Plaintiff must show: "(1) that the supervising official personally participated in the activity; (2) that the supervising official directed others to violate a person's rights; or (3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Hunter v. Schouppe*, Civ. No. 06-1291, 2007 WL 4554251 (W.D. Pa. 2007); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

The record reflects that plaintiff wrote Williams two letters: (1) dated May 13, 2007, complaining about recreational activities; and (2) dated July 10, 2007, complaining about legal mail. (D.I. 25 at Ex. B) There is no record of any correspondence from plaintiff to Williams complaining about his medical care or illness. Likewise, although plaintiff contends that Welch ignored his complaint about medical care, there is no record of any correspondence from plaintiff to Welch. (*Id.* at Ex. C) Even viewing this record in the light most favorable to plaintiff, the court finds there is nothing to support the claims that defendants Williams and Welch had personal knowledge of, or in any way acquiesced to, plaintiff's situation.

5

6.  IT IS FURTHER ORDERED that the Clerk of Court enter judgment in favor of defendants and against plaintiff.

_____
United States District Judge